#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF SOUTH CAROLINA
#### BEAUFORT DIVISION

| | |
|---|---|
| Lewis Gibson, ) | |
| ) | Civil Action No. 9:20-cv-00981-JMC |
| Petitioner, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| ) | |
| Warden Phelps, FCI Edgefield, ) | |
| ) | |
| Respondent. ) | |

Petitioner Lewis Gibson, proceeding *pro se*, filed this Petition for Writ of Habeas Corpus ("Petition") on March 9, 2020, pursuant to 28 U.S.C. § 2241. (ECF No. 1.) This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report"), filed on May 22, 2020. (ECF No. 8.) For the reasons stated below, the court **ACCEPTS** the Report (ECF No. 8), and **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) without prejudice.

### I. FACTUAL AND PROCEDURAL HISTORY

The Report sets forth the relevant facts and legal standards, which the court incorporates herein without a full recitation. (ECF No. 8.) Petitioner is an inmate at FCI Edgefield, having pled guilty in the United States District Court for the Western District of Tennessee to conspiracy to possess with intent to distribute over five-hundred (500) grams of cocaine in violation of 21 U.S.C. § 846 and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). (ECF No. 1-1 at 2.) Because of multiple prior convictions, including two (2) Tennessee state convictions for sale of cocaine in 2006 and 2008, and a 2007 Tennessee state conviction for intentionally evading arrest in a motor vehicle, Petitioner was deemed a career offender. (ECF No. 1-1 at 2.) Therefore, his base offense level became level thirty-four (34) under U.S.S.G. § 4B1.1(b). (*Id.*)

After a three (3) point reduction for accepting responsibility, Petitioner's total offense level was thirty-one (31), and he was sentenced to a term of two-hundred and ten (210) months. (*Id.*)

Petitioner filed two (2) appeals of his sentence in the United States District Court for the Western District of Tennessee seeking a reduction in sentence, both of which were denied. (ECF No. 1 at 2-3.) Additionally, Petitioner filed a petition with the United States District Court for the Eastern District of Arkansas, which was transferred back to the sentencing court in Tennessee and denied. (*Id.* at 3.) In this instant Petition for Writ of Habeas Corpus, Petitioner alleges that his sentence was wrongly calculated, and requests to have his sentence vacated, or to have this Petition transferred back to the sentencing court. (*Id.* at 9.)

## II.  LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed, and reviews those portions which are not objected to – including those portions to which only "general and conclusory" objections have been made – for clear error. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147,

1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12-cv-0118-GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a favorable manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Yet, even though *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

In his Petition, Petitioner asserts that his prior convictions for sale/delivery of cocaine pursuant to Tenn. Code Ann. § 39-17-417 (West 2020) no longer qualify as predicates for his U.S.S.G. § 4B1.1(b)(2) career offender enhancement. (ECF No. 1-1 at 3-4.) Petitioner contends that he is entitled to relief based on *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019), *reconsideration denied*, 929 F.3d 317 (6th Cir. 2019), in which the United States Court of Appeals for the Sixth Circuit held that the U.S. Sentencing Guideline's state definition of "controlled substances offenses" does not include attempted crimes. (*Id.* at 4.) In that case, the court considered the petitioner's least culpable conduct, attempted delivery of a controlled substance, and held the sentencing court erred in using it as a basis for enhancing the offense level. *Id.* at 385, 387. Here, *Havis* is distinguishable because the charging documents in that case did not specify whether the defendant's conviction was a sale of cocaine, delivery, or both. *Id.* at 384. While in that case, the court held the least culpable offense was attempted delivery, which falls outside the definition of controlled substance offenses, Petitioner's prior convictions were a sale of cocaine, which is a controlled substance offense.

Additionally, the court lacks jurisdiction to entertain Petitioner's Petition under 28 U.S.C.

3

§ 2241. (ECF No. 8.) As the Magistrate Judge observes, "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through [28 U.S.C.] § 2255," not through a petition filed pursuant to § 2241. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). A federal prisoner may file a § 2241 petition challenging his conviction only if § 2255 is "inadequate or ineffective to test the legality of [his] detention." *Id.* Section 2255 is inadequate or ineffective and § 2241 may be used when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler,* 886 F.3d 415, 429 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 1318, (2019). Petitioner argues that he may bring his claims pursuant to § 2241 since he cannot bring a § 2255 motion pursuant to his plea agreement, because he waived all rights to challenge his sentence in such a motion (ECF No. 1 at 5). However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d at 1194 n.5. The fact that Petitioner waived his rights to challenge his sentence in a § 2255 motion does not make this remedy inadequate or ineffective in itself.

Petitioner also failed to meet the requirements articulated in *Wheeler* for filing a § 2241 motion. He has not pointed to any authority showing that the "settled substantive law [that established the legality of his sentence] changed and was deemed to apply retroactively on collateral review." (ECF No. 8 at 5.) The *Havis* decision cited by Petitioner does not provide him

4

with a relief, as it has not been made retroactive to cases on collateral review. (*Id.*)

Petitioner filed an Objection to the Report on June 6, 2020. (ECF No. 11.) In his Objection, Petitioner asserts that *Havis* renders his prior convictions unqualified for the purpose of career offender enhancement and that § 2255 is an inadequate test of the legality of his sentence. (*Id.*) As previously explained, Petitioner's prior convictions of a sale of cocaine–a controlled substance offense–qualify as predicates for his career offender enhancement. In addition, the court lacks jurisdiction to entertain Petitioner's instant Petition under 28 U.S.C. § 2241 because he waived all rights to challenge his sentence in a § 2255 motion. A § 2241 action is not available when a § 2255 motion is an adequate remedy, and a waiver of such right is not enough to render it inadequate or ineffective. *See In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). Therefore, the court finds Petitioner's Objection to be without merit.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law and does not contain clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 8) and **DISMISSES** Petitioner Lewis Gibson's Petition for Writ of Habeas Corpus (ECF No. 1) without prejudice.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable judges would find this court's assessment of his constitutional claim is debatable or wrong and that any

dispositive procedural ruling by the district court is likewise debateable. *See, e.g., Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

    **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 30, 2020
Columbia, South Carolina